**Kaushal SHANTLAL–PATEL,**
**Petitioner,**

v.

Alberto R. GONZALES,[1] United States Attorney General, Department of Homeland Security, Respondents.

No. 04–3337–AG.

United States Court of Appeals,
Second Circuit.

Feb. 9, 2006.

Gerald P. Seipp, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney; Christopher Alberto, Assistant United States Attorney, Boston, Massachusetts, for Respondents.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Kaushal Shantlal–Patel, through counsel, petitions for review of the May 2004 Board of Immigration Appeals ("BIA") order affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

Where, as here, the BIA adopts and affirms the IJ's decision and supplements it, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84 (2d Cir.2005). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ held that Patel failed to establish that he suffered past persecution or had a well-founded fear of future persecution or torture. The IJ found Patel's application to be not credible and to lack sufficient corroboration. These findings are supported by substantial evidence. Patel's claim is that a local party leader pressured Patel to join in order to obtain the reflected prestige of Patel's father, who is a local high school teacher, and then arranged for Patel to be arrested and tortured when Patel refused to join. But, as the IJ observed, Patel's father had declined to join the BJP without any consequences, and it is thus implausible that the BJP would go to such great lengths to mistreat Patel simply because *his father* has a local prestige and refused to join the BJP. Patel explained that his father was not pressured because, as a civil servant, he could not join a party. But Patel's father's affidavit suggests that he refused to join the BJP out of *lack of interest,* rather than because he was unable to join. The IJ also observed that Patel provided no documentation to corroborate that he had been tortured and beaten, such as statements from friends or family members who had seen him within several days of his release. Moreover, Patel submitted an affidavit from his father, which omits any mention that Patel had been detained or beaten—surely no minor detail, and one that can be expected to be mentioned.

Patel's argument that his due process rights were violated when the BIA took administrative notice of a recent national election in India is meritless. That the Congress party ousted the BJP is irrefutable, and indeed, Patel offers no contrary evidence. The BIA's observation of this fact was justified, and its conclusion that Patel's alleged fear of future persecution is thereby diminished is a reasonable inference.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).